HAWAIIAN PINEAPPLE CO., Limited, v. MASAMARI SAITO et al.

(Circuit Court of Appeals, Ninth Circuit. August 21, 1919.)

No. 3374.

APPEAL AND ERROR ☞456—SUPERSEDEAS.

Showing on petition for injunction in aid of appellate jurisdiction *held* insufficient for interference with decree of Supreme Court of territory that permanent injunction should remain vacated; bond to reimburse being given.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Hawaiian Pineapple Company, Limited, against Masamari Saito and Libby, McNeill & Libby of Honolulu, Limited. Decree for complainant was reversed by the Supreme Court of Hawaii, and complainant appealed, and petitions for injunction in aid of appellate jurisdiction. Petition denied.

Morrison, Dunne & Brobeck, Edward Hohfeld, and H. W. Clark, all of San Francisco, Cal., and Frear, Prosser, Anderson & Marx, of Honolulu, T. H., for petitioner.

Pillsbury, Madison & Sutro and Alfred Sutro, all of San Francisco, Cal., opposed.

Before MORROW and HUNT, Circuit Judges.

PER CURIAM. It is to be kept in mind that there is no certified record on appeal before us and that the questions presented arise upon a petition for injunction in aid of the appellate jurisdiction of this court. Our consideration has therefore been limited to the papers presented, and our views are expressed with relation to such limited record rather than to all questions which the court may eventually be called upon to determine.

The case comes to us with a written opinion by the Supreme Court of the territory, holding that equity would afford the relief which was prayed for in the bill of complaint. We have assumed in our consideration of the petition submitted to us that there was sufficient ground for equitable cognizance, and upon that assumption have given earnest consideration to the true interpretation of the contract between Saito and the Pineapple Company, and our opinion is that the Supreme Court of the territory appears to have been correct in holding that there was no obligation upon Saito to sell to the Pineapple Company pineapples produced from any lands which were leased or acquired by him after the date of the making of the contract.

Furthermore, we think that by the decision of the Supreme Court of the territory, which vacated the decree of the lower court, and which ordered a dissolution of the injunction which had been issued by the lower court, and which also ordered the bill dismissed, the essential rights of the parties were determined, and that the actual point of controversy was decided so far as the courts of the territory had jurisdiction to decide. The order of the Supreme Court, remanding the case for proceedings consistent with the opinion, left to the lower court nothing to do by way of adjudicating the essential rights of the parties.

The Pineapple Company then took steps to perfect its appeal to this court. Petition for appeal was filed, with a prayer for an order of supersedeas and for an order continuing the injunction. In due course the Supreme Court of the territory considered whether the jurisdictional amount was sufficient to warrant appeal, and determined that the amount was sufficient. The court, however, acting under rule 74 of the Equity Rules (198 Fed. xxxix, 115 C. C. A. xxxix), restored the permanent injunction which had been theretofore issued by the lower territorial court and which had just theretofore been vacated by the

Supreme Court, unless the respondents, Saito and Libby, McNeill & Libby, should forthwith give bond to reimburse the Pineapple Company for any and all damages which it might sustain in the event of a reversal of the decree of the Supreme Court of the territory by this the Circuit Court of Appeals for the Ninth Circuit.

The next step was taken by the issuance of the order of July 18th by the Chief Justice, which allowed an appeal to this court and granted a supersedeas to the extent that, pending appeal to this court, remand to the inferior court in the territory should be stayed. Thereafter a bond to reimburse was given by Libby, McNeill & Libby, and the permanent injunction of the inferior court, which had been vacated by the Supreme Court, was ordered to remain vacated.

Then came the application of the Pineapple Company to this court to restrain Saito and Libby, McNeill & Libby from proceeding to deal with each other with respect to fruit grown upon lands acquired after the date of the execution of the original contract. This court granted a temporary restraining order and an order to show cause. The matter came on to be heard on August 18th, and after considering the arguments of counsel and examining the authorities cited, we conclude that, as the case is submitted, there is not sufficient showing for interference with the decree of the Supreme Court of the territory and the subsequent order of the Supreme Court and of the Chief Justice, which directed that the permanent injunction should remain vacated.

This leads to a denial of any further injunction at this time by this court, and it is ordered accordingly.

Petition denied.